IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-cv-02839-JLK-MJW

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

MICHAEL VAN GILDER,

and

ROGER PARKER,

Defendants.

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the undersigned parties—plaintiff SEC, defendants Roger Parker and Michael Van Gilder, and non-party Van Gilder Insurance Corporation ("VGIC") ("Party" or "Parties")—hereby stipulate and move, through counsel, for a Protective Order concerning the treatment of confidential information produced by VGIC in response to the Subpoena Duces Tecum attached hereto as Exhibit B.

1.      This Order shall apply to and govern all documents and things produced in response to Parker's September 12, 2013, Subpoena Duces Tecum to VGIC attached hereto as Exhibit B ("Subpoena Materials").  The Parties agree that the Subpoena Materials should be used only for the purposes of this lawsuit and not for any other purpose, provided that VGIC may

1

use its own confidential information for any lawful purpose.  This Order binds all parties to this litigation and certain Non-Party Witnesses, as defined below, with regard to their access, possession, and use of the Subpoena Materials.

2.      In order to identify the confidential documents, the Parties agree that the Party claiming confidentiality will stamp "Confidential" on every page of each designated document. No Party shall designate a document as "Confidential" absent a good faith review and determination by counsel that the document contains or might reveal trade secrets, business strategies, customer information, business development, financial information and/or other sensitive materials.  The Parties agree that any documents, testimony or information designated as "Confidential" will be treated as set forth herein.

3.      Other than at trial or at an evidentiary hearing, confidential documents, their nature and their contents may be disclosed only to the named parties to this litigation, "Non-Party Witnesses" (defined as expert witnesses, non-party witnesses, persons who reasonably may be called as witnesses or have information calculated to lead to the discovery of admissible evidence or evidence material to rebuttal, impeachment, or cross examination of witnesses in this case or who may provide factual background or clarification to matters pertinent to such documents), attorneys of record in this litigation and persons in their firm's employ, the Court and its personnel, and independent support services, such as expert witnesses (and persons in their firms employ), copying services, and court reporting services.

4.      During any deposition, confidential information may be disclosed to any deponent or witness who is authorized to receive the information pursuant to this Order.  Deponents may likewise be asked to disclose confidential information within their knowledge.  In the event

confidential documents or information are used, disclosed or elicited during any deposition, counsel may designate during the deposition the documents and information, and all portions of the deposition transcripts which refer to such documents and information, as "**CONFIDENTIAL**" pursuant to the provisions of this Order. Portions of depositions may be designated as "**CONFIDENTIAL**" by a statement on the record at the deposition by counsel that the testimony is confidential and subject to the provisions of this Order. In the event that such a designation is made, the portion of the deposition subject to the confidential designation may be attended by the deponent, any individuals otherwise entitled to attend pursuant to the terms of this Order, and the appropriate court or deposition reporters. The deponent or court or deposition reporter in attendance at such deposition shall be subject to all restrictions and obligations applicable to recipients of confidential information under the terms of this Order

5. A Party may also designate a portion of a deposition as confidential within fourteen (14) days after receipt of the deposition transcript. This designation shall be made by delivery to trial counsel in this case of a written notice of the designation, identifying the deposition and specifying by page and line the portions designated as confidential. Portions of depositions designated in accordance with this paragraph shall be subject to the same restrictions as portions contemporaneously designated in accordance with the preceding paragraph. The failure of a Party to contemporaneously designate a portion of a deposition as confidential in accordance with the preceding paragraph shall not constitute a waiver of any claim that the information constitutes or contains trade secrets, business strategies, customer information, business development, financial information and/or other sensitive materials, provided that the portion of the deposition is timely designated in accordance with this paragraph. However, no

person or Party shall be subject to any sanction under this Order arising from the use or

disclosure, prior to receipt of the written designation, of deposition testimony not previously

designated under the terms of the prior paragraph.

6.      The Parties may not file documents designated as confidential with the Court

without first requesting leave to file the documents with Level One Restricted Access under

D.C.COLO.LCivR 7.2(B).  Confidential information and pleadings or briefs quoting or

discussing confidential information will not be accepted for filing "under seal" or otherwise kept

out of the public record in this action, however, except by court order issued upon motion of the

party seeking to file the documents under seal.  Any motion requesting leave to file documents

under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the

confidential information at issue is entitled to protection under the standards articulated in *Nixon

v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v.

Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d

458, 461 (10th Cir. 1980)).

7.      In the event confidential information is used in any court filing or proceeding in

this action, including but not limited to its use at trial, it shall not lose its confidential status as

between the parties through such use.

8.      Other than at trial, deposition, or at an evidentiary hearing, confidential

documents may be disclosed to a Non-Party Witness only after that Non-Party Witness has read

this Stipulated Protective Order and has signed a written acknowledgment agreeing to be bound.

A sample of a written acknowledgment, which must be kept by the Party who has the witness

sign the acknowledgment, is attached as **Exhibit A.**

9.    Any Party's counsel who discloses confidential information pursuant to paragraph 8 shall maintain a list of all persons to whom any confidential information is disclosed.  During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to this paragraph upon a showing of substantial need in order to establish the source of the unauthorized disclosure of confidential information and that opposing counsel are unable otherwise to identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

10.    At the request of the producing Party, all confidential documents, including all copies, will be returned to the Party producing them or destroyed, at the choice of the Party producing them, within thirty days after a non-appealable judgment, order or opinion is signed or issued in this litigation.  Notwithstanding the above, counsel for the Parties may maintain confidential information in the litigation files kept by counsel in the ordinary course of business, provided that such information continues to be treated as confidential under the terms of this Order.

11.    All persons having possession of confidential documents will take all reasonable steps to preserve the confidentiality of the confidential documents and information produced to it by another Party in this litigation.

12.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of confidential information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13.     Any Party may remove the "Confidential" designation from any of its own documents at any time by so advising opposing counsel in writing.

14.     The fact that a producing Party designates a document or testimony as "Confidential," or the receiving Party's failure to object to such designation, shall not be construed as an admission or agreement by the receiving Party that the designated material qualifies as a trade secret or is otherwise confidential.  If opposing counsel objects to the designation of certain information as confidential, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this Order.  Any motion for disclosure shall be filed within 21 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have confidential status from the time it is produced until the ruling by the Court on the motion.

15.     Nothing herein shall prohibit or inhibit an attorney from complying with any disclosure requirements as may be required by the Federal Rules of Civil Procedure.

16.     Nothing herein shall prohibit a Party from filing confidential documents with the Court subject to the requirements of paragraph 6 of this Stipulated Protective Order or from using confidential documents as trial exhibits in this lawsuit.

**ENTERED BY THE COURT:**

Date: _12-20-13_

_John L. Kane_
John L. Kane, Senior Judge

United States District Court

**AGREED TO:**

| | |
|---|---|
| *Cleo J. Rauchway*   Date: Dec. 19, 2013 | *Greg E. Goldberg*   Date: Dec. 19, 2013 |
| Saskia A. Jordan | Greg E. Goldberg |
| Cleo J. Rauchway | Holland & Hart LLP |
| Haddon, Morgan and Foreman, P.C. | 555 17th Street, Suite 3200 |
| 150 East 10th Avenue | Denver, Colorado 80202 |
| Denver, Colorado 80203 | *Counsel for Van Gilder Insurance Corporation* |
| *Counsel for Roger Parker* | |

| | |
|---|---|
| *Stephen C. McKenna*   Date: Dec. 19, 2013 | *Markus Funk*   Date: Dec. 19, 2013 |
| Stephen C. McKenna | Robert N. Miller |
| Securities and Exchange Commission | T. Markus Funk |
| 1801 California Street, Suite 1500 | Jose A. Lopez, Jr. |
| Denver, Colorado 80202 | Perkins Coie LLP |
| | 1900 16th Street, Suite 1400 |
| | Denver, Colorado 80202 |
| | *Counsel for Michael Van Gilder* |

7

**EXHIBIT A**

**UNDERTAKING**

STATE OF                    )
                           ) ss.
COUNTY OF                   )

     I, _____, being first duly sworn, state that:

1.    My address is _____
_____.

2.    My present employer is _____, and
the address of my employer is_____.

3.    My present occupation or job description is _____
_____.

4.    I have received a copy of the Stipulated Protective Order in this case (*i.e., Securities and Exchange Commission – against- Michael Van Gilder, et al.,* United States District Court, District of Colorado, Civil Action No. 12-cv-02839-JLK-MJW), signed by the United States District Court, District of Colorado.

5.    I have carefully read and understand the provisions of the Stipulated Protective Order, will comply with all of its provisions, will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any designated information or any words, substances, summaries, abstracts or indices of designated information disclosed to me, and will return all designated information and summaries, abstracts or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained.

_____

    Subscribed and sworn to before me this ____ day of _____, 2013, by
_____, notary public.

    Witness my hand and official seal.

8

_____

Notary Public

My commission expires:_____

6419558_1



# In the United States District Court
## for the District of Colorado

Civil Action No. 12-cv-02839-JLK-MJW

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MICHAEL VAN GILDER

and

ROGER PARKER

      Defendants.

---

## Subpoena *Duces Tecum*

---

**To:**  Van Gilder Insurance Corporation
c/o Gregory E. Goldberg, Esq.
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202

     **YOU ARE HEREBY COMMANDED** to produce the below-listed documents and things in your possession, custody or control at the following date, time and location:

| Date and Time | Location |
|---|---|
| October 2, 2013 at 9:00 a.m. | Haddon, Morgan and Foreman, P.C.<br>150 East 10th Avenue<br>Denver, CO 80203 |

I.  **For the purpose of this Subpoena *Duces Tecum*, the following terms shall be defined as follows:**

    A.  "Any" means "any and all."

    B.  "Communication" means the transmission or transfer of information, facts, ideas, messages, or inquiries by any means, including electronically.

    C.  "Concerning" means relating to, referring to, describing, mentioning, reflecting, evidencing, constituting, pertaining to, involving, embodying, or in any way touching upon in whole or in part.

D.  "Delta" means Delta Petroleum Corporation and all of its subsidiaries, divisions, affiliates, partners, predecessors, successors, officers, directors, employees, and agents

E.  "Document" includes all materials described in Fed. R. Civ. P. 34(a)(1)(A).

F.  "VGIC" means Van Gilder Insurance Corporation and all of its subsidiaries, divisions, affiliates, partners, predecessors, successors, officers, directors, employees, and agents.  VGIC includes, but is not limited to, Van Gilder Retirement Solutions, LLC and Vangilder | EnRisk.

## II.  Documents and things to be produced:

1.  Any documents produced by VGIC in response to any grand jury subpoena issued to VGIC in 2012 or 2013 by the United States District Court for the District of Colorado concerning an investigation of possible violations of federal securities laws.

2.  Any communication between VGIC and Delta concerning VGIC's placement of insurance coverage for Delta in the years 2003 through 2009, including any attachments or enclosures to such communications.

3.  Any internal VGIC communications or communications between VGIC and any insurance underwriter or insurance company representative concerning actual or potential insurance coverage for Delta in the years 2003 through 2009.

4.  Any VGIC compliance manual, employee handbook, or other document containing policies, procedures, guidelines, codes of ethics, or rules applicable to VGIC employees in the years 2003 through 2012.

5.  Any agreement, form document, memorandum, or other document, whether in draft or final, signed or unsigned, requiring VGIC employees, officers, and directors to abide by certain ethical rules or referencing an obligation of VGIC employees, officers, and directors to maintain the confidentiality of customer information.

6.  Any agreement, signed or unsigned, between VGIC and Delta concerning the exchange and treatment of confidential and/or proprietary information between them and any communication concerning any such agreement.

The provisions of Federal Rule of Civil Procedure 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d), relating to your duty to respond to this subpoena, are set forth below.

**FAILURE TO COMPLY WITH THIS SUBPOENA AND SUBPOENA _DUCES TECUM_ MAY SUBJECT YOU TO BEING HELD IN CONTEMPT OF COURT.**



## Federal Rule of Civil Procedure 45(c) & (d)

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a

party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule

45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion

to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

4

Dated: September 12, 2013.

*s/Saskia A. Jordan*

Saskia A. Jordan
Cleo J. Rauchway
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Tel 303.831.7364
sjordan@hmflaw.com
crauchway@hmflaw.com

*Attorneys for Defendant Roger Parker*

## Certificate of Service

I certify that on September 12, 2013, a true and correct copy of the foregoing *Subpoena Duces Tecum* was served via email upon the following:

Thomas K. Krysa, Esq.
James A. Scoggins, Esq.
Jeffrey E. Oraker, Esq.
Securities and Exchange Commission
1801 California Street, Ste. 1500
Denver, CO 80202

Robert N. Miller, Esq.
T. Markus Funk, Esq.
Perkins Coie, LLP
1900 Sixteenth Street, Ste. 1400
Denver, CO 80202

Jose A. Lopez, Esq.
Perkins Coie, LLP
131 S. Dearborn Street, Ste. 1700
Chicago, IL 60603

*s/Brenda Rodriguez*