IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02839

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MICHAEL VAN GILDER,

    Defendant,
and

STEPHEN DILTZ,

    Relief Defendant.

---

## MEMORANDUM OPINION AND ORDER CONCERNING DENIAL OF MOTION FOR ENTRY OF PROPOSED FINAL JUDGMENTS

Kane, J.

On February 26, 2014, Plaintiff Securities and Exchange Commission ("SEC") filed an unopposed motion for entry of proposed final judgments against Defendant Michael Van Gilder ("Van Gilder") and Relief Defendant Stephen Diltz ("Diltz"). Doc. 50. The case involves Van Gilder's admitted insider trading. On April 1, 2014, I issued an order denying the motion and stated that a further order specifying the reasons for denying the motion was forthcoming. Doc. 52.

I.

The Proposed Final Judgment as to Van Gilder contains provisions and recitations that I will not endorse, namely: (1) a waiver of findings of fact and conclusions of law that is directly contrary to F.R.Civ.P. 52; (2) a waiver of the right to appeal, the acceptance of which is indisputably a matter of judicial discretion and for which no reasons are given to support the

1

exercise of that discretion; (3) a statement that Van Gilder neither admits nor denies the allegations of the Complaint without providing any basis therefor; and (4) a permanent injunction prohibiting future violations of existing statutory law.

### A. *Findings of Fact and Conclusions of Law*

Federal Rules of Civil Procedure 52(a)(1) states:

> *In General.* In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.

The Rule itself provides no exceptions. As Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2571 explains:

> One purpose of requiring findings of fact by the trial court, as has been recognized in a significant number of cases, is to aid the appellate court by affording it a clear understanding of the ground or basis of the decision of the trial court. Another purpose is to make definite precisely what is being decided by the case in order to apply the doctrines of estoppel and res judicata in future cases and promote confidence in the trial judge's decision-making. The final, and possibly most important, function of the requirement that findings of fact be made is to evoke care on the part of the trial judge in ascertaining and applying the facts. All three of these very important purposes are served by Rule 52.

A final reason for findings of fact, not mentioned by Wright, Miller & Kane, is that trial courts are public institutions with a duty to make their decisions available so the public can be informed.

There are cases recognizing that findings and conclusions may be waived and not issued unless and until an appellate court wishes to review the decision, in which event the case is remanded for those findings. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2574. I find this misguided. If findings and conclusions are waived, the delay between the

trial court's entry of judgment and an appellate remand presents an increased risk of error. And if the trial court retains jurisdiction and later decides to modify, vacate or impose sanctions adverse to the waiving or non-waiving party, what then? Moreover, if findings and conclusions are waived, how can the judgment create estoppel and res judicata? More fundamentally still, if trial judges do not have to make findings and conclusions, what incentive do they have to exercise care in ascertaining and applying the facts?   Approval is relegated to a mindless formalism and transparency is rendered void.

### B.  *Waiver of the Right to Appeal*

Dismissing the functions and mission of a court and implying that appellate review is an inconvenience treads on dangerous ground.   Article III of the Constitution vests the judicial power of the United States "in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."   If one feature of the judiciary is paramount, it is that "there is no liberty, if the power of judgment be not separated from the legislative and executive powers." Hamilton, Federalist No. 78.   A waiver of the right to appeal instituted by an executive branch agency is an affront to the very basis of judicial independence.

It may be that parties, wishing to put an end to their dispute, may enter into a private settlement agreement that includes a bilateral waiver of the right to litigate further, properly called a release, or to an appeal, but a public agency that asks a court to maintain continuing jurisdiction over its enforcement action has no such license or authority. If Congress had wanted the SEC to be an independent agency authorized to issue self-executing orders, it would have said so.

The responsibility of appellate review is to decide whether the trial courts correctly and diligently applied the law.   Evading that review is a gimmick which relieves the trial judge from ascertaining and applying both the facts and the law as contemplated by Rule 52 and the legion of

cases supporting it. Such evasion encourages, as the SEC so cavalierly suggests, that the judge merely sign off on a proposed judgment.[1] As I shall explain below, such action would violate my oath of office.

### C. Neither Admit Nor Deny

In *SEC v. Citigroup Global Mkts., Inc.,* 827 F.Supp.2d 328 (S.D.N.Y. 2011), Judge Rakoff rejected a settlement[2] similar to the one at issue here. He held that he could not approve the settlement of an SEC enforcement action providing for the award of money damages and imposing injunctive relief and at the same time permit the defendant not to admit any of the allegations lodged against it. *Id.* at 335. Judge Rakoff explained that there could be no approval without first ensuring that the proposed settlement was fair, adequate, reasonable and in the public interest, and held that without any admission by the defendant, the court lacked the factual predicate necessary to determine whether the proposed settlement met those criteria. I admire his analysis and share his concerns.

The proposed settlement between the SEC and Van Gilder fails to provide a sufficient factual basis upon which to determine whether it is fair, adequate, reasonable, and in the public interest. First, no foundation has been presented to inform me of the adequacy of the monetary terms, which is a special problem in this case because the SEC asks me to impose a quasi-criminal

---

1 The SEC's Motion states that "that "Van Gilder and Diltz have each agreed that the Commission may present their proposed Final Judgments to the Court for signature and entry." Doc. 50 at p.3.

2 More precisely, Judge Rakoff rejected a court-enforced settlement known as a "consent judgment." Consent judgments are also known as "consent orders" or "consent decrees," though, historically, consent decrees and consent orders have contained injunctive relief and consent judgments have not. *See Citigroup*, 827 F. Supp. 2d at 331(identical treatment of consent judgments and consent decrees); Black's Law Dictionary 471, 918 (9th ed. 2009) (defining consent judgments, consent orders, and consent decrees nearly identically); Thomas M. Mengler, *Consent Decree Paradigms: Models Without Meaning*, 29B.C. L. REV.291, 292 (1988)(describing the historical distinctions among consent judgments, consent decrees, and consent orders). For purposes of this Order, the terms "settlement," "consent decree," "consent judgment," and "final judgment" are interchangeable.

penalty on top of the disgorgement amount.[3]   Moreover, no basis has been provided for me to adjudge whether the parties' decision to end the litigation for these sums is irrational or arbitrary. Similarly, no explanation has been provided for the appellate waiver provision or the request for injunctive relief.

The issuance of a judicial decree is a judicial act. Judicial acts require cogitation and deliberation.   Without knowing the context and circumstances of a case, it is not possible to apply rules and principles of law.   Of even greater concern, it is impossible for the public to know what the judge is doing and why the particular decision is reached.

### D. *Injunctive relief.*

The proposed judgment includes a permanent injunction prohibiting the defendant from future violations of existing statutory law.   Specifically, Van Gilder is enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1930 and Rule 10b-5 thereunder.   One may rightly ask, "Isn't *everyone* in this nation prohibited from violating these laws?"

It is fundamental to our jurisprudence, and has been so for hundreds of years, that an injunction is an equitable remedy and will not issue when there is an adequate remedy at law. Both the statute and the administrative rule are already matters of law.   Thus, an adequate remedy at law is already in place. Enjoining that which the law already prohibits is oxymoronic.   As such, the proposed language is gratuitous and without legal effect.   It will not be in any judgment entered with my imprimatur.

Even assuming that this deviation from established law were appropriate, I am unable to

---

[3] The proposed waiver of findings of fact and conclusions of law, plus the waiver of the right to appeal, given the quasi-criminal nature of a penalty exacerbates the problem.   *See United States v. Vanderwerff*, 2012 WL 251493 (June 28, 2012 D.Colo.).

determine how or why an injunction can issue without findings necessary to invoke the equitable powers of the court. If I have no understanding of how or why the parties arrived at individual terms, how can I determine whether the judgment as a whole is in the public interest?  An admission of liability might provide the requisite foundation, but the proposed settlement emphatically disclaims any admission or denial regarding liability.   I might chance upon an adequate foundation if the parties had incorporated facts alleged and elided from the criminal case or civil grievance, but none were proffered and this avenue was foreclosed by the request for a waiver of findings and conclusions.   In some shape or form, the SEC must thoroughly enumerate and explain each basis for any settlement provision for which it seeks approval.

II.

My oath of office bids me to "well and truly try" the cases before me. This is the precise opposite of rubber stamping a settlement.   Like Judge Rakoff, I will not be "a mere handmaiden to a settlement negotiated on unknown facts, while the public is deprived of ever knowing the truth in a matter of obvious public importance."   *Citigroup*, 827 F.Supp.2d at 332.

To be sure, courts defer to the interpretations of administrative agencies regarding their own guidelines and regulations because it is appropriate to respect the agency's expertise.   This deference, however, is not the equivalent of rolling over dead or deferring to an agency's preferences regarding the Rules of Civil Procedure. Courts must exercise independent judgment to determine if a settlement is legally appropriate.   *See id.* Unquestioning approval of an agency's settlement would breach the constitutional doctrine of separation of powers and make a mockery of the independence that is the hallmark of the judiciary.  *See id.* at 331.   This is especially so when the settlement invokes the Court's continuing enforcement jurisdiction.

The proposed settlement with Stephen Diltz is likewise rejected and will not be reconsidered until an adequate proposal for the SEC and Van Gilder is submitted and approved. The same requirement for proposed findings of fact and conclusions of law and proposed judgment applies to the Diltz claim.[4]

### III.

For the foregoing reasons the Proposed Settlements are REJECTED.  The parties are free to submit new motions for entry of proposed findings of fact, conclusions of law and judgments, so long as they are consistent with the views expressed herein.  Of course, the parties may instead forgo settlement and proceed to trial.  If the latter, they shall file a scheduling and discovery order no later than May 16, 2014.

Dated: April 24th , 2014                                         By The Court:

*s/John L. Kane*
John L. Kane, U.S. Senior District Judge

---

[4] This order speaks in the main to the settlement between the SEC and Defendant Van Gilder.  The deficiencies in the proposed consent judgment between the SEC and Defendant Stephen Diltz are far less egregious.  That said, I do need some assurance that Mr. Diltz is truly a "relief" defendant who neither is alleged to have played foul himself nor to have gained from Mr. Van Gilder's alleged misconduct.